**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BARBARA BALISTRERI,

Appellant,

v.

LAWRENCE G. FRANK, *et al.*,

Appellees.

No. 4:26-CV-00014

(Chief Judge Brann)

**MEMORANDUM OPINION**

**JULY 31, 2026**

This case arises from a dismissal of a Chapter 7 bankruptcy and a sanction order again the Debtor's attorney. The appeal of the decisions and the case as a whole has been fully briefed and is ripe for disposition. However, there are two pending motions before the Court that must be decided before the merits of the bankruptcy appeal are judged: a motion to dismiss and a motion to stay. I will address both of these motions in turn and then consider the merit of the appeal, itself.

## I. MOTION TO DISMISS

On February 20, 2026, Craig Balistreri filed a motion to dismiss Plaintiff's appeal from a bankruptcy final judgment.[1] Pursuant to 28 U.S.C. § 158(a) this Court has jurisdiction to hear such an appeal.[2] However, "standing is a prerequisite to

---

1 Doc. 5.

2 *See Stern v. Marshall*, 564 U.S. 462, 474-75 (2011).

proceeding on appeal."[3] "Appellate standing in bankruptcy is limited to 'persons aggrieved' by an order of the Bankruptcy Court. The persons aggrieved test 'now exists as a prudential standing requirement that limits bankruptcy appeals to persons whose rights or interests are directly and adversely affected pecuniarily by an order or decree of the bankruptcy court.' To be a person aggrieved, a party must challenge an order that 'diminishes [its] property, increases [its] burdens, or impairs [its] rights.'"[4] It is apparent from the record in this appeal and the bankruptcy court record that Mr. Balistreri fails to meet this standard.

While it is admittedly unclear whether the above referenced aggrieved person standing applies to those other than the appellant in a bankruptcy appeal, I am quite certain that some level of standing must be required to be involved in a bankruptcy appeal. Therefore, it is likely that Mr. Balistreri must have some form of Article III standing to proceed.[5] "[A] party may demonstrate Article III standing through proof appropriate to the stage of the case of (i) an injury-in-fact that is concrete, particularized, and actual or imminent; (ii) fairly traceable causation between the challenged act and the injury-in-fact; and (iii) redressability, meaning that the injury-in-fact is capable of resolution in a manner consistent with the traditional

3 *In re Paragon Offshore plc*, 597 B.R. 748, 756 (D. Del. 2019) (citing *In re Richardson Indus. Contractors, Inc.*, 189 Fed. App'x 91 (3d Cir. 2006)), *aff'd*, No. 19-1627, 2022 WL 1055574 (3d Cir. Apr. 8, 2022).

4 *Id.* at 756-57 (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004)) (internal citations omitted); *see also In re Wilton Armetale, Inc.*, 968 F.3d 273 (3d Cir. 2020).

5 *See In re Team Sys. Int'l, LLC*, No. 24-3365, 2026 WL 837287, at *3 (3d Cir. Mar. 26, 2026).

understanding of the judicial process."[6] As it is entirely unclear how any of these three elements are met in the case of Mr. Balistreri, the Court also believes that he lacks Article III standing to raise this motion.

Because there is no indication that Mr. Balistreri has any form of standing in this case, his motion will be denied.

## II. MOTION TO STAY DEADLINES

On March 10, 2026, Barbara Balistreri filed a motion to stay the deadlines in this case until "material designated items" are transmitted to this Court.[7] Specifically, she notes that "the record was treated as transmitted even though a relevant transcript was not yet available."[8] Ms. Balistreri has not identified what transcript she believes has not been transmitted. Further, despite her claim that "[i]f briefing proceeds on an incomplete record, Appellant will be forced to brief the appeal without the full materials designated for review,"[9] a brief was submitted by her before the motion to stay was filed.[10] That brief alleges that the record was transmitted without all items designated in one concise sentence, but again does not reference what items were not transmitted.[11]

---

6 *Id.* (citing *Lutter v. JNESO*, 86 F.4th 111, 124, 128 (3d Cir. 2023)) (internal quotation marks omitted).
7 *See* Doc. 8.
8 *Id.* ¶ 6.
9 *Id.* ¶ 8.
10 *See* Doc. 7.
11 *See id.* at 2.

After a review of the record that was transmitted to this Court, it appears that there were no relevant materials that were omitted. Ms. Balistreri's designation of items lists the following: (1) the entire docket from the appealed bankruptcy case — Bankr. No. 4:25-bk-02379- MJC,[12] (2) "Transcripts for all hearings, including the hearings dated October 9, 2025, December 16, 2025, and November 4, 2025,"[13] (3) "The entire audio file, including on-the-record and off-the-record statements without processing, and including all raw data, for the hearings described above, including the hearings on October 9, 2025, November 4, 2025, and December 16, 2025,"[14] (4) "The entire docket from both James McNeal cases (4:20-bk-2028 and 4:20-ap-0060),"[15] and (5) "all transcripts and other documents identified in the Designation of Items from the Notice of Appeal in 4:20-ap-0060."[16]

Despite claims to the contrary, all of the relevant items are included in the designated record. The only items that were not sent were the audio files of the hearings.[17] The Court can find no requirement that transcripts of relevant hearings are insufficient as a matter of course. Further, there has been no evidence set forth that the transcripts in the record from hearings on October 9, 2025 and December

[12] Doc. 2, at 5.
[13] *Id.* at 27.
[14] *Id.* at 27-28.
[15] *Id.* at 67-68.
[16] *Id.* at 68.
[17] There was also a transcript from a November 4, 2025 hearing that was not sent with the appeal. That hearing was held regarding Ms. Balistreri's motion to extend an automatic stay. None of the issues raised by the appellant relate to this hearing, and there appears to be no reason to delay the disposition of this appeal for its transmittal.

16, 2025 are anything but authentic. Therefore, I will not delay the disposition of this appeal and will deny Ms. Balistreri's motion to stay the proceedings.[18]

## III. DISPOSITION OF APPEAL

On January 5, 2026, Barbara Balistreri filed an appeal from orders entered by the United States Bankruptcy Court for the Middle District of Pennsylvania in the adversarial proceeding of *In re Barbara Balistreri*, Bankr. No. 4:25-bk-02956- MJC (Bankr. M.D. Pa.).[19] Ms. Balistreri argues that the Bankruptcy Court erred in: (1) "imposing sanctions under Rule 9011(b)(3) while repeatedly relying on 'improper purpose' reasoning that belongs to Rule 9011(b)(1)," (2) "imposing sanctions without particularized notice of the precise Rule 9011 theory actually used to sanction Appellant," (3) "finding that Appellant's challenged statements lacked evidentiary support within the meaning of Rule 9011(b)(3)," and having (4) "the same judge whose statements, tone, and conduct were the subject of the sanctions dispute adjudicated the [sic] sanctions proceeding."[20] She also included a plethora of additional arguments advancing perceived errs in her designation of record and

[18] In making this determination, I have considered the "the factors regulating the issuance of a stay;" these include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

[19] Doc. 1.

[20] Doc. 7, at 6.

briefing on this appeal.[21] Many of these arguments have no factual basis to support them and are extremely sparse on relevant legal citations.[22]

District courts sit as appellate tribunals when presented with an appeal from a final order of a United States Bankruptcy Court.[23] On such an appeal, courts will "review basic and inferred facts under the clearly erroneous standard . . . and exercise plenary review over legal issues."[24] "In reviewing ultimate facts, which are a mixture of fact and legal precept, [this Court] must break down the questions of law and fact and apply the appropriate standard to each component."[25] Importantly, in reviewing for clear error, it does not matter that this Court "would have reached a different conclusion" if presented with the matter in the first instance.[26] Rather, the Court must accept the Bankruptcy Court's factual findings unless it is "is left with the definite and firm conviction that a mistake has been committed."[27]

In reviewing the record, this Court finds no error in the Bankruptcy Court's opinions or orders.[28] Because there are no apparent errors in the underlying orders being appealed, those decisions will be affirmed in their entirety.

---

21 Doc. 2 at 2-4; Doc. 7.
22 *See* Doc. 7.
23 *See* 28 U.S.C. § 158; Fed. R. Bankr. P. 8001(a).
24 *In re Fegeley*, 118 F.3d 979, 982 (3d Cir. 1997).
25 *Id.* (internal quotation marks omitted).
26 *Prusky v. ReliaStar Life Ins.*, 532 F.3d 252, 258 (3d Cir. 2008)
27 *Id.* (internal quotation marks omitted).
28 The Bankruptcy Court delivered its opinion dismissing the Chapter 7 bankruptcy for for Failure to File Required Documents. *In re Barbara Ann Balistreri*, Bankr. No. 4: 25-bk-02956-MJC (Bankr. M.D. Pa., ECF No. 44).

## IV. CONCLUSION

For the foregoing reasons, Mr. Balistreri's Motion to Dismiss and Ms. Balistreri's Motion to Stay are denied. Additionally, the underlying orders being appealed from the Bankruptcy Court are affirmed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge